IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. THOMAS JAMES WILLIAMS

**Direct Appeal from the Circuit Court for Madison County**
**No. 91-64    Roy B. Morgan, Jr., Judge**

---

**No. W1999-01748-CCA-R3-CD - Decided May 24, 2000**

---

The defendant had been placed on probation by the Madison County Circuit Court following his guilty plea to aggravated burglary and resulting five year sentence. A probation violation warrant was issued charging that the defendant had failed to report to his probation officer and had failed to report a subsequent arrest and conviction. Following a hearing, the probation was revoked and the defendant timely appealed. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which HAYES and RILEY, J.J., joined.

George Morton Googe and Stephen Spracher, Jackson, Tennessee, and Clifford K. McGown, Jr., Waverly, Tennessee, for the appellant, Thomas James Williams.

Paul G. Summers, Attorney General and Reporter, and Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Thomas James Williams, appeals the judgment of the Circuit Court of Madison County revoking his probation and imposing his original sentence of five years in the Tennessee Department of Correction for aggravated burglary. The defendant contends that the trial court erred in revoking his probation and in ordering that he recommence his sentence as originally entered. Finding no error, we affirm the judgment of the trial court.

## BACKGROUND

On December 17, 1990, the defendant, then nineteen years old, and three companions burglarized a home and stole some $1,600 worth of property. The defendant pled guilty to aggravated burglary and was sentenced on June 24, 1991, to five years in the Tennessee Department of Correction as a standard Range I offender. The trial court placed the defendant on probation and ordered that he pay restitution in the amount of $100 plus court costs at a payback rate of $50 every

other week until the total, apparently some $1,387.50, was repaid, and complete 100 hours of community service. The defendant then began his nearly decade long odyssey through the probation system. The following chronology, gleaned from court documents in the record, is illustrative:

| | |
|---|---|
| 6/24/91 | Defendant placed on probation. Vicki Worsham, Probation Officer. |
| 8/6/91 | PVR (probation violation report): failure to make payments; failure to perform community service work. |
| 4/16/92 | PVR: failure to report, failure to make payments. |
| 7/7/92 | PVR: failure to make payments. |
| 8/8/93 | Warrant served for absconding. |
| 9/14/93 | Hearing held: 30 days shock incarceration and probation reinstated. |
| 12/3/93 | PVR: failure to report; failure to make payment. |
| 2/15/94 | PVR: failure to report; failure to make payment |
| 11/18/94 | Warrant served for absconding. |
| 12/6/94 | Hearing held: probation revoked and sentence reinstated. Defendant served four months in the Special Alternative Incarceration Unit Program. |
| 6/14/95 | Defendant released and probation reinstated. Nelda Davis, Probation Officer. |
| 8/31/95 | PVR: failure to make payment. |
| 4/24/96 | PVR: failure to report. |
| 10/9/96 | Warrant served for absconding |
| 12/11/96 | Hearing held: probation reinstated. |
| 7/10/97 | PVR: Failure to report, failure to make payment. |
| 7/19/97 | Warrant served for absconding. According to the State, this warrant was "never resolved." |
| 2/22/99 | Defendant arrested and convicted of resisting arrest. |
| 3/22/99 | PVR: breaking the law while on probation; failure to report arrest, failure to report. Julie Sipes, Probation Officer. |
| 4/8/99 | Warrant served. |

On May 11, 1999, a probation revocation hearing was held in this matter. The trial court found the State had proved by a preponderance of the evidence that the defendant had been an absconder from the probation program and had been convicted of a new offense, which occurred while he was on probation. Accordingly, the court revoked his probation and sentenced him to the Tennessee Department of Correction. The defendant timely appealed.

## ANALYSIS

A trial judge may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his probation. See Tenn. Code Ann. § 40-35-311(e) (Supp. 1999). Preponderance of the evidence has been commonly defined as evidence that as a whole shows that the "existence of the contested fact is more probable than its non-existence." William R. LaFave & Jerold H. Israel, Criminal Procedure, § 10.4 (2d ed. 1992). The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. See id.; see also State v. Strohn Johnson, No. 01C01-9812-CC-00494, 1999 WL 771008, at *1 (Tenn. Crim. App. Sept. 30, 1999).

Here, the defendant signed a Certificate of Probation that included the following:

> 2. I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.
> 3. I will report all arrests, including traffic violations immediately, regardless of the outcome, to my Probation Officer.
> 7. I will allow my Probation Officer to visit my home, employment site, or elsewhere, and will carry out all instructions he/she gives, and report to my Probation Officer as given instruction to report.
> 9. I will agree to pay all required fees to the Supervision and Criminal Injuries Fund.
> 10. I will pay restitution/fines as determined by the court.
> 11. I will perform eight (8) hours community service work per month while under supervision unless waived by the Probation Officer and manager.

At the hearing held on May 11, 1999, the parties stipulated to the defendant's conviction for resisting arrest. The judgment was entered as an exhibit. The defendant's then probation officer, Julia Sipes, testified that the defendant had been assigned to her as a probationer since March, 1998, but that she had never met him. When she was assigned to defendant's probation, he was in absconder status, with a warrant issued for his arrest. She learned that the defendant had been arrested, charged with resisting arrest, and convicted of this offense, although the defendant himself did not report these facts to her. She calculated that the defendant had last reported to his previous probation officer, Nelda Davis, in April, 1997. Ms. Davis had then reported him as an absconder in July, 1997.

The defendant testified that he had reported to Ms. Davis for four months after he got out of boot camp in 1996, but quit doing so, even though he understood that he was to report monthly. He claimed to have called and left messages for Ms. Davis but said that his messages were not returned.

He also claimed he was never told he had been assigned to another probation officer. He said that in 1999, when officers had attempted to arrest him on a violation of probation warrant, he had resisted, resulting in the charge of resisting arrest. He had pled guilty to that offense and received a thirty day jail sentence as punishment. Additionally, it does not appear that during the eight years he was on probation, the defendant had made even a single payment towards court costs or restitution, which were to have been paid in monthly installment payments. In short, it is difficult to imagine how the defendant might have been more cavalier towards his obligations. Thus, we conclude that there was substantial evidence to show that the defendant violated his probation; therefore, the trial judge did not abuse his discretion in revoking probation.

The defendant also argues that he should not have been required to serve his sentence of five years in the Department of Corrections, according to the original judgment. However, Tennessee Code Annotated § 40-35-311(d) (Supp. 1999), states:

> (e) If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310; provided, that in case of such revocation of probation and suspension, the defendant has the right to appeal.

This issue is without merit.

## CONCLUSION

Based upon the record before this court, we affirm the judgment of the trial court relating to the revocation of probation and the recommencement of sentence in the Tennessee Department of Correction as originally entered.